## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN W. WILSON,<br><br>      *Plaintiff,*<br><br>v.<br><br>FACEBOOK, INC. *et al.*,<br><br>      *Defendants.* | CIVIL ACTION<br><br>NO. 20-189 |

### ORDER

**AND NOW**, this 13th day of March 2020, upon consideration of Plaintiff Wilson's Motion for Default Judgment (ECF No. 3), it is hereby **ORDERED** that Wilson's Motion is **DENIED** without prejudice.[1]

---

[1] On February 6, 2020, the Clerk of Court issued one summons to *pro se* Plaintiff Steven Wilson for service on Defendant Facebook, Inc. Wilson mailed the summons to Facebook, which was "delivered to an agent" in Menlo Park, California on February 15, 2020. (ECF No. 3, at 4.) He then filed a notice with the Court stating that a "judgment may be entered against FACEBOOK, INC. ET AL," which the Court construes as a Motion for Default Judgment. (*Id.* at 1.)

Federal Rule of Civil Procedure 4 "sets forth the procedure by which a court obtains personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). The Rule prescribes a process for properly issuing and serving a summons. Fed. R. Civ. P. 4. The summons must contain (1) the name of the court and the parties, (2) be directed to the defendant, (3) state the name and address of the *pro se* plaintiff, (4) state the time within which the defendant must appear and defend, (5) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint, (6) be signed by the clerk, and (7) bear the court's seal. Fed. R. Civ. P. 4(a)(1). The summons also must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Based on the documents attached to Wilson's Motion—which the Court assumes to be copies of the documents he mailed to Facebook—Wilson failed to direct the summons to the defendant and neglected to attach a copy of the complaint to the summons. *See* (ECF No. 3, at 2–4).

Rule 4 also sets forth the proper method for service of process. *See* Fed. R. Civ. P. 4(h). To serve a corporation like Facebook, the defendant must be served either in the manner prescribed by Rule 4(e)(1) for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). The USPS tracking receipt that Wilson attaches to his Motion merely indicates that "[y]our item has been delivered to an agent" in Menlo Park, California. (ECF No. 3, at 4). Serving an unidentified agent by mail is not sufficient to meet Rule 4(h)'s requirements, and it is not clear whether this so-called agent is even associated with Facebook.

It is further **ORDERED** that the Clerk of Court shall re-issue the summons as to Defendant Facebook.  Wilson shall re-serve Facebook in compliance with Federal Rule of Civil Procedure 4 by **Thursday, June 11, 2020**.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

Because Wilson failed to properly serve Facebook pursuant to Rule 4, the Court lacks personal jurisdiction over Facebook and therefore denies Wilson's Motion for Default Judgment.  The Court also notes that before a motion for default judgment can be granted, the plaintiff must first seek an entry of default from the Clerk, which Wilson has not done.  *See* Fed. R. Civ. P. 55(a)–(b).

Although the Third Circuit Court of Appeals has traditionally given *pro se* litigants "greater leeway where they have not followed the technical rules of pleading and procedure," *Tabron v. Grace*, 6 F.3d 147, 153, n.2 (3d Cir. 1993), all parties must nonetheless follow the Federal Rules of Civil Procedure.  *Byrne v. Cleveland Clinic*, 684 F. Supp. 2d 641, 648 (E.D. Pa. 2010).  Wilson is therefore directed to comply with the requirements of Federal Rule of Civil Procedure 4 in order to properly serve Facebook with the summons and a copy of the complaint.