like a 12(b)(6) motion in requiring the court to 'consider allegations of the complaint as true.'" *Id.* (quoting *Pretruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). On the other hand, a "factual 12(b)(1) challenge attacks the allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Id.* The Court construes Zuckerberg's motion as making a facial challenge pursuant to Rule 12(b)(1). Mot. to Dismiss 5 (noting Wilson "nowhere identifies the federal constitutional or statutory basis for his claim."). Wilson alleges the Court has federal question jurisdiction, which allows a federal court to exercise subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, the Complaint alleges no facts which implicate the constitution, federal statutes or regulations, or any treaty. Because the Complaint fails to establish federal question jurisdiction on its face and Wilson has alleged no other basis for the Court's subject matter jurisdiction, the Court dismisses the Complaint.

Even if the Court had subject matter jurisdiction over Wilson's Complaint, however, the Court would dismiss the Complaint for lack of personal jurisdiction, improper service, and failure to state a claim upon which relief can be granted.

Rule 12(b)(2) allows a defendant to challenge a court's personal jurisdiction over him or her. Once this defense is raised, it is the plaintiff's burden to establish the Court's personal jurisdiction over the defendant. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). "Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." *Id.* The Pennsylvania long-arm statute authorizes the exercises of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). Therefore, to decide whether personal jurisdiction exists, this Court must determine whether Zuckerberg has "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does no offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3 at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Here, however, Wilson has failed to allege any facts to suggest minimum let alone any contacts which might support an exercise of this Court's general or specific personal jurisdiction over Zuckerberg.

Wilson has also failed to adequately serve process, as required by Rule 4. As an initial matter, Wilson has not remedied the service issues identified in the Court's January 11, 2019, Order. It appears from his January 26, 2019, letter to the Court that Wilson mailed copies of invoices to Zuckerberg's company's legal department in Menlo Park, California, where they were received by an individual with the initials "I.R.". Re-sending the invoices in this manner does not establish compliance with Rule 4(e), the many avenues for which are outlined in the Court's January 11, 2019, Order. Wilson's attempt at service also runs afoul of Rule 4(c)(1), which requires that a summons be served with a copy of the Complaint. Wilson's letter—which shows that he mailed "invoices," but not the Complaint—does not establish service of process, which requires service of both the summons and the complaint. If Wilson chooses to file an amended complaint, he shall effectuate service of the summons and amended complaint as required by Rule 4(c)(1) by means permitted under Rule 4(e), which the Court outlined in its January 11, 2019, Order.

Wilson's Complaint would be dismissed for the additional reason that it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

2