IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN W. WILSON,<br><br>  Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. et. al,<br><br>  Defendant. | CIVIL ACTION NO. 20-189<br><br>COMPLAINT FOR DAMAGES<br><br>1. FAILURE TO COMPLY WITH U.C.C. ARTICLE 9 (U.C.C. 9 §207(a) and (b))<br><br>2. TRESSPASS (§ 3503(b) Criminal Tresspass)<br><br>3. NEGLIGENCE (Pa. Code § 7102(a) Comparative Negligence) |

**COMPLAINT**

I.    **INTRODUCTION**

1.    **PLAINTIFF** Steven W. Wilson, brings this action under Uniform Commercial Code Article § 9(a) and (b), against Facebook, Inc. et. al ("**FACEBOOK, INC.**"), for failure to comply with U.C.C. Article 9, Tresspass of property, and Negligence.

2.    This event was initiated when on March 21st, 2018, **FACEBOOK, INC.'s** Chief Executive Officer Mark Zuckerberg took part in an interview on national television and

2

confessed to wrongdoing.[1] He stated: "So this was a major breach of trust, and I'm really sorry that this happened. You know, we have a basic responsibility to protect people's data. And if we can't do that, then we don't deserve to have the opportunity to serve people. So our responsibility now is to make sure that this doesn't happen again." Mark also posted a statement to publicly address the data breach that occurred. He stated: "We will restrict developer's access even further to prevent other kinds of abuse." Here, Mark states the access given, which was, at the time, a business practice of **FACEBOOK, INC**. Mark also admits to the abuse. "At the end of the day, I am responsible for what happens on our platform."  This statement from **FACEBOOK, INC.'s** CEO, Mark Zuckerberg, was released to address a data breach that occurred when data company "Cambridge Analytica" harvested private user data without consent.

3. A Bill dated on the 3rd, 9th, and 16th of April 2018, was mailed to **FACEBOOK, INC.'s** CEO Mark Zuckerberg by Plaintiff Steven W. Wilson.[2] The Bill was mailed to collect a debt owed by FACEBOOK, INC. The amount owed to the **PLAINTIFF** by **FACEBOOK, INC.** is a total of $100 million dollars, for "Use of Private Property" and "Abuse of Data".

4. The Bill sent to **FACEBOOK, INC.** was neither paid nor disputed by **FACEBOOK, INC.** or the company's CEO Mark Zuckerberg. Failure to pay debt by

---

[1] https://www.cnn.com/videos/cnnmoney/2018/03/22/facebook-zuckerberg-cambridge-analytica-long.cnnmoney

[2] See Exhibit A (The Bill).

3

**FACEBOOK, INC.** obligated the Plaintiff, Steven W. Wilson to file suit against **FACEBOOK, INC.** CEO Mark Zuckerberg.[3]

    *5.*    The final demand letter was mailed by **PLAINTIFF** Steven W. Wilson and delivered to **FACEBOOK, INC.** on July 22, 2019.[4] Once again, and in a consistent pattern of bad faith, the Bill has not been rectified or disputed.

## II.  JURISDICTION AND VENUE

    6.    This Court has jurisdiction over all causes of action asserted against **FACEBOOK, INC.** pursuant 42 Pa.C.S.A. § 5322.[5] Furthermore, **FACEBOOK, INC.** generates in-State revenue from electronic commerce and files Pennsylvania State taxes for that revenue. I believe that satisfies the requirement of "certain minimum contacts" with the State of Pennsylvania, pursuant Federal Civil Rules Procedure Rule 12.[6] *See Order, May 8, 2019, ECF No. 13*. In this order, Judge Juan R. Sanchez ruled that "Here, the only allegations in Wilson's amended pleading relate to **Facebook's** contacts with Pennsylvania, not Zuckerberg's contacts. As a result, Wilson has failed to allege facts from which the Court may exercise personal jurisdiction over Zuckerberg, and thus Zuckerberg is entitled to relief pursuant to Federal Civil Rules Procedure Rule 12(b)(2)."[7]

---

[3] See Exhibit C (Wilson vs. Zuckerberg Civil Action No. 18-3049).

[4] Exhibit B (Demand Letter).

[5] 42 Pa.C.S.A. § 5322.

[6] Exhibit C (Wilson vs. Zuckerberg Civil Action No. 18-3049).

[7] Exhibit C (Wilson vs. Zuckerberg Civil Action No. 18-3049).

4

7.  Venue is proper pursuant 28 U.S. Code § 1391(b), **PLAINTIFF,** Steven W. Wilson resides in Pennsylvania and the property damaged originated within the Court's jurisdiction.[8] As stated in bullet point 6, the Court has personal jurisdiction over **FACEBOOK, INC.** furthermore confirming the Venue is proper.

### III.    PARTIES

####    A.    Plaintiff

8.  Steven W. Wilson "**PLAINTIFF**", a Man, is relevant to this claim a resident of Philadelphia, Pennsylvania. **PLAINTIFF** at the time of **FACEBOOK, INC.'s** tresspass, and presently, resides in Philadelphia, Pennsylvania.

####    B.    Defendants

9.  **FACEBOOK, INC.** the **DEFENDANT** is a corporation organized under the laws of the State of Delaware. Defendant's principal place of business is in Menlo Park, California, and Defendant may be served with process by serving its registered agent, "Corporation Service Company", located at 2711 Centerville Road, Suite 400, Wilmington, County of New Castle, 19808.

### IV.    STATEMENT OF THE RELEVANT FACTS

####    A.    Cambridge Analytica Data Breach

10. Cambridge Analytica is a company that violated **FACEBOOK, INC.** terms of service for using personal data. Sometime in 2018, Cambridge Analytica obtained access to private **FACEBOOK, INC.** user's data, without consent. This event is what **FACEBOOK, INC.**

---

[8] 28 U.S. Code § 1391(b)

addressed as a "data breach" in CEO Mark Zuckerberg's March 21, 2018 public apology and confession.

**B.     CEO Mark Zuckerberg's Confession**

11.     On March 21st, 2018 Mark took part in an interview on national television and confessed to wrongdoing. He stated: "So this was a major **breach of trust**, and I'm really sorry that this happened. You know, we have a basic responsibility to protect people's data. And if we can't do that, then we don't deserve to have the opportunity to serve people. So our responsibility now is to make sure that this doesn't happen again." Mark also posted a statement to publicly address the data breach that occurred. He stated: "We will restrict developer's access even further to prevent other kinds of **abuse**." Here, Mark states the access given which was, at the time, a business practice. Mark also admits to the abuse. "At the end of the day, I am responsible for what happens on our platform."

12.     Mark Zuckerberg's March 21st, 2018 statement was extremely alarming to **PLAINTIFF** Steven W. Wilson. Mark stated: "You know, we have a **basic responsibility** to protect people's data." Mark is either inept or lying. According to the 2011 F.T.C. Consent Decree, **FACEBOOK, INC.** has an **obligation** to protect user's private data. **FACEBOOK, INC.** was ordered to do so. Mark has been CEO of **FACEBOOK, INC.** since the company's founding, and claims: "At the end of the day, I am responsible for what happens on our platform." Clearly Mark does not comprehend that an obligation, as mandated by the Federal Trade Commission, is a bit more binding than just a mere "basic responsibility". Perhaps

6

**FACEBOOK, INC.** simply forgot to pay the debt owed to Steven W. Wilson, much like forgetting about the 2011 F.T.C. order?

    C.    **The Bill**

    13.    **PLAINTIFF** mailed, on three separate occasions and by United States Postal Service certified mail with signature confirmation, The Bill for **FACEBOOK, INC.'s** trespass and abuse of property.[9] The Bill was dated April 3rd 2018, April 9th 2018, and April 16th, 2018. On each occasion the Bill was received due to proof of reception by signature confirmation from a **FACEBOOK, INC.** employee.[10] On each of the three occasions, neither CEO Mark Zuckerberg nor **FACEBOOK, INC.** disputed or paid the debt owed.

    14.    Failure to pay the owed debt caused the action of **PLAINTIFF** in 2018 to file suit against **FACEBOOK, INC.** CEO Mark Zuckerberg.[11] The motion to dismiss was granted because the Court found it did not have personal jurisdiction over Mark. Steven W. Wilson failed to prove reasonable contacts that Mark had with Pennsylvania. The legitimacy of the Bill and the debt owed was never disputed.

    15.    A final demand letter was mailed by **PLAINTIFF** Steven W. Wilson and delivered to **FACEBOOK, INC.** via United States Postal Service on July 22, 2019.[12] Once again, and in a consistent pattern, the Bill has not been rectified or disputed.

D.    **Facebook, Inc. User Agreement**

---

[9] See Exhibit A (The Bill).

[10] See Exhibit A (The Bill).

[11] Wilson vs. Zuckerberg Civil Action No. 18-3049 (2019).

[12] Exhibit B (Demand Letter).

7

16.     **PLAINTIFF** and **FACEBOOK, INC.** entered into a user agreement when Steven W. Wilson signed up to use **FACEBOOK, INC.** services sometime in 2008. From that point, the **PLAINTIFF** allowed **FACEBOOK, INC.** to use personal property. That property consisted of 800+ photographs, correspondences, comments, and other intellectual property. The aforementioned user agreement contained no language in relation to an abuse of **PLAINTIFF's** property.[13] **FACEBOOK, INC.** never required or inquired a valuation of the property **FACEBOOK, INC.** requested permission to use. The Bill mailed to **FACEBOOK, INC.** reflects the amount owed to Steven W. Wilson due to **FACEBOOK, INC.'s** tresspass of **PLAINTIFF's** property. According to CEO Mark Zuckerberg, whom posted a statement to publicly address the data breach that occurred, Mark stated: "We will restrict developer's access even further to prevent other kinds of abuse." Here, Mark states the access given which was, at the time, a business practice. Mark also admits to the abuse.[14] "At the end of the day, I am responsible for what happens on our platform."

17.     I consider this "business practice" a risky use of my property for profits outside the realm of the user agreement. Thus, I consider it a tresspass. "Tresspass. 1. An unlawful act committed against the person or property of another; esp., wrongful entry on another's real property. 2. At common law, a legal action for injuries resulting from an unlawful act of this kind".[15]

---

[13] Exhibit D (Facebook User Agreement).

[14] https://www.cnn.com/videos/cnnmoney/2018/03/22/facebook-zuckerberg-cambridge-analytica-long.cnnmoney

[15] See Black's Law Dictionary 3rd Pocket Edition 1996.

8

18.     **FACEBOOK, INC.** is aware it entered into a user agreement to use my property, but when mailed the Bill, on three separate occasions, **FACEBOOK, INC.** never disputed the legitimacy of the Bill. There appears to be a consistent pattern of **FACEBOOK, INC.** ignoring obligations. It is my understanding that silence is acceptance. It is my belief that my property is worth $100 Million dollars. If anyone believes otherwise let them step forth and say so.

V.     **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**FAILURE TO COMPLY WITH U.C.C. ARTICLE 9**
**(U.C.C. Article 9 §207(a) and (b))**
**(Against Defendant FACEBOOK, INC. et. al)**

19.     **PLAINTIFF** alleges that at all times relevant here in, **FACEBOOK, INC.** acted carelessly and irresponsibly while using the **PLAINTIFF's** property. These actions by **FACEBOOK, INC.** whether by accident or business practice, do not comply with Uniform Commercial Code Article 9 §207(a) and (b).

20.     U.C.C. Article 9 §207(a) states: "[Duty of care when secured party in possession.] …. reasonable care includes taking necessary steps to preserve rights against prior parties unless otherwise agreed."[16] If **FACEBOOK, INC.** had taken reasonable care of the **PLAINTIFF's** property, there would not have been a need for **FACEBOOK, INC.'s** CEO Mark Zuckerberg to issue a public apology. An apology that confirmed millions of **FACEBOOK, INC.** private user

---

[16] Uniform Commercial Code Article 9 §207(a)

data had been accessed without consent as well as contradict the ordered 2011 Consent Decree.[17] The access to this private data, without explicit consent, is an abuse.

21.     U.C.C. Article 9§207(b) states: "the risk of accidental loss or damage is on the debtor to the extent of a deficiency in any effective insurance coverage".[18] **FACEBOOK, INC.** does not dispute that a "breach" occurred, **FACEBOOK, INC.** apologized for the breach and accepted liability.[19] **FACEBOOK, INC.** does not dispute the Bill received. **FACEBOOK, INC.** did not dispute the amount of debt owed to **PLAINTIFF** on three separate occasions. In a consistent pattern of bad faith, **FACEBOOK, INC.** ignores obligations.

**SECOND CAUSE OF ACTION**
**TRESPASS**
**(§ 3503(b) Criminal Tresspass)**
**(Against Defendant FACEBOOK, INC. et. al)**

22.     In accordance with the user agreement entered into by **PLAINTIFF** and **FACEBOOK, INC.**, the **PLAINTIFF**, Steven W. Wilson gave **FACEBOOK, INC.** permission to borrow personal private property with the understanding that the property would be returned in the same condition.[20] The terms of the user agreement do not permit **FACEBOOK, INC.** to return the **PLAINTIFF's** property damaged. Damage to **PLAINTIFF's** property clearly

---

[17] See Exhibit E (FTC Consent Decree, Order 2(a)(b))

[18] Uniform Commercial Code Article 9 §207(b).

[19] https://www.cnn.com/videos/cnnmoney/2018/03/22/facebook-zuckerberg-cambridge-analytica-long.cnnmoney

[20] Exhibit D(Facebook User Agreement).

Case 3:20-cv-05567-VC   Document 11-5   Filed 06/01/20   Page 10 of 15

10

occurred as **FACEBOOK, INC.** confirmed by the public statement released addressing the cause of the damage.[21] The cause of damage being **FACEBOOK, INC.'s** "risky business practices".

23. Not only has **FACEBOOK, INC.** abused the **PLAINTIFF's** property, **FACEBOOK, INC.'s** failure to use "reasonable care" when in possession of said property has caused abuse of **PLAINTIFF's** privacy. Said privacy is gone. It cannot be returned. **FACEBOOK, INC.** failed to protect that privacy, which was their obligation. In a 2011 Federal Trade Commission settlement **FACEBOOK, INC.** was required to:

I. IT IS ORDERED[22] that Respondent and its representatives, in connection with any product or service, in or affecting commerce, shall not misrepresent in any manner, expressly or by implication, the extent to which it maintains the privacy or security of covered information, including, but not limited to:

    A. its collection or disclosure of any covered information;

    B. the extent to which a consumer can control the privacy of any covered information maintained by Respondent and the steps a consumer must take to implement such controls;

    C. the extent to which Respondent makes or has made covered information accessible to third parties;

    D. the steps Respondent takes or has taken to verify the privacy or security protections that any third party provides;

    E. the extent to which Respondent makes or has made covered information

---

[21] https://www.cnn.com/videos/cnnmoney/2018/03/22/facebook-zuckerberg-cambridge-analytica-long.cnnmoney

[22] F.T.C. Consent Decree, Order 1(a)(b)(c)(d)(e)(f).

accessible to any third party following deletion or termination of a user's account with Respondent or during such time as a user's account is deactivated or suspended; and

F. the extent to which Respondent is a member of, adheres to, complies with, is certified by, is endorsed by, or otherwise participates in any privacy, security, or any other compliance program sponsored by the government or any third party, including, but not limited to, the U.S.-EU Safe Harbor Framework.

II.    IT IS FURTHER ORDERED[23] that Respondent and its representatives, in connection with any product or service, in or affecting commerce, prior to any sharing of a user's nonpublic user information by Respondent with any third party, which materially exceeds the restrictions imposed by a user's privacy setting(s), shall:

   A. **Clearly and prominently disclose to the user, separate and apart from any "privacy policy," "data use policy," "statement of rights and responsibilities" page, or other similar document: (1) the categories of nonpublic user information that will be disclosed to such third parties, (2) the identity or specific categories of such third parties, and (3) that such sharing exceeds the restrictions imposed by the privacy setting(s) in effect for the user; and**

   B. **obtain the user's affirmative express consent.**

24.    "Tresspass. 1. An unlawful act committed against the person or property of another; esp., wrongful entry on another's real property. 2. At common law, a legal action for injuries resulting from an unlawful act of this kind". *See Black's Law Dictionary 3rd Pocket*

---

[23] F.T.C. Consent Decree, Order 2(a)(b).

12

*Edition 1996.*[24] Under Pennsylvania law, it is defined as an "unprivileged, intentional intrusion upon land in possession of another."[25] ("A trespass may be committed by disturbing the possession of the occupant, though the person committing the trespass does not actually go on the premises, as by throwing water or missiles on the land, or removing a partition fence, though the trespasser does not place his foot on the land.").[26]

### THIRD CAUSE OF ACTION
### NEGLIGENCE
**(Pa. Code § 7102(a) Comparative Negligence)**

24. **PLAINTIFF** alleges that **FACEBOOK, INC** acted in gross negligence. At all times prior to this incident, **FACEBOOK, INC.**, negligently, carelessly, recklessly, and/or unlawfully acted and/or failed to act, including but not limited to failing to perform mandatory duties[27] so as to cause damage to **PLAINTIFF's** property. **FACEBOOK, INC.** was aware that private data could be accessed without consent by third parties. This is evident by the F.T.C. 2011 Consent Decree where **FACEBOOK, INC.** was ordered and obligated to prevent such offenses from occurring. Does **FACEBOOK, INC.** not recall the F.T.C. Consent Decree? Clearly, **FACEBOOK, INC.** forgets obligations much like debts owed.[28]

---

[24] See Black's Law Dictionary 3rd Pocket Edition 1996.

[25] Graham Oil Co. v. BP Oil Co., 885 F.Supp. 716, 725 (W.D.Pa.1994).

[26] Rushing v. Hooper–McDonald, Inc., 293 Ala. 56, 59, 300 So.2d 94, 96 (1974)

[27] 2011 F.T.C. Consent Decree.

[28] See Exhibit A (The Bill).

13

25. Negligence 1. The failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation; any conduct that falls below the legal standard established to protect others against unreasonable risk of harm, except for conduct that is intentionally, wantonly, or willfully disregardful of others' rights. 2. A tort grounded in this failure, usu. expressed in terms of the following elements: duty, breach of duty, caustic, and damages.[29]

26. **FACEBOOK, INC.** negligently, carelessly, and recklessly disregarded the duty of care obligated by the user agreement. **FACEBOOK, INC.** negligently, carelessly, and recklessly disregarded a secondary duty of care which arose from the 2011 FTC Consent Decree. **FACEBOOK, INC.** negligently, carelessly, and recklessly disregarded a third duty of "reasonable care" established by Uniform Commercial Code Article 9 §207.[30] Another example of **FACEBOOK, INC.** acting in bad faith and consistently disregarding obligations.

27. **FACEBOOK, INC.** has a history of acting negligently with property borrowed. Hence, the F.T.C. establishing rules and mandates in 2011.

28. **PLAINTIFF's** property currently remains and was in the possession of **FACEBOOK, INC.** when damages occurred.

29. **FACEBOOK, INC.** is aware property was damaged. **FACEBOOK, INC.** apologized for the damages through Mark's March 21st, 2018 confession. **FACEBOOK, INC.** acted negligently with my property, while in **FACEBOOK, INC.'s** possession, and said property

---

[29] See Black's Law Dictionary 3rd Pocket Edition 1996.

[30] Uniform Commercial Code Article 9 §207

14

was damaged. I required **FACEBOOK, INC.** to make **PLAINTIFF** whole. That is why **PLAINTIFF** mailed **FACEBOOK, INC.** the Bill.

30. **FACEBOOK, INC.** apologized for wrongdoing. **FACEBOOK, INC.** must pay for the damages caused to my property while in **FACEBOOK, INC.** possession.

31. WHEREFORE, **PLAINTIFF** pray for relief set forth below.

## VI.  PRAYER FOR RELIEF

WHEREFORE, **PLAINTIFF** pray for judgement against **FACEBOOK, INC. et. al** as hereinafter set forth:

1. For compensatory damages in amount according to proof;

2. For pre- and post-judgement interest on all damages as allowed by the law;

3. For costs of suit incurred herein;

4. For such other and further relief as the Court may deem just and proper.


Dated:  3/24/2020


By: *Steven W. Wilson*
Steven W. Wilson
366 E. Gorgas Lane
Philadelphia, PA,  19119
Tel: 215-285-6139
steven.wilsonatc@gmail.com
*Plaintiff*