## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN W. WILSON,

*Plaintiff,*

v.

FACEBOOK, INC. *et al.*,

*Defendants.*

Civil Action No. 2:20-CV-189

### FACEBOOK, INC.'S RESPONSE TO WILSON'S REQUEST
### FOR CLERK'S ENTRY OF DEFAULT

Facebook, Inc. respectfully submits this response to Steven W. Wilson's Request for Clerk's Entry of Default, Dkt. 12.

## I.  INTRODUCTION

The Court should deny Wilson's request for default and stay this action pending the U.S. Judicial Panel on Multidistrict Litigation's final consolidation decision.

*First,* Facebook has yet to receive service of process compliant with the Federal Rules of Civil Procedure.  Wilson admits that he personally delivered process to Facebook's agent, but, under the Rules, process must be served by a nonparty.  Even if Wilson's effort at service had been sufficient, he moved for default two days after he contends service was completed.  The Rules grant Facebook at least twenty-one days to file a responsive pleading before default can be sought.

*Second,* a default would be improper given that this case is pending transfer to the Northern District of California for consolidation with Multidistrict Litigation No. 2843, which is pending before Judge Chhabria ("the MDL").  The JPML granted a conditional transfer to consolidate this

action with the MDL.  Conditional Transfer Order (CTO-3), *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 (J.P.M.L. Apr. 3, 2020), Dkt. 169.  While Wilson has moved to vacate that order, his motion will likely be denied, since his claims overlap entirely with the MDL.  This action should be stayed pending a final transfer decision.

*Third*, Facebook is not subject to personal jurisdiction in this Court.  Although Facebook need not assert personal jurisdiction as a defense until it is at least served with process, this jurisdictional defect precludes the Court from entering a default.

## II.  BACKGROUND

Proceeding pro se, Wilson alleges that he shared personal information with Facebook and Facebook disclosed the information without his consent.  Am. Compl., Dkt. 6 ¶¶ 2, 10, 16.  Based on these allegations, Wilson asserts claims for breach of "Uniform Commercial Code Article 9 § 207(a) and (b)," trespass to property, and negligence.  *Id.* ¶¶ 19–31.  This is not the first time Wilson has sought victory by default; the Court previously denied Wilson's motion for default judgment and ordered him to serve Facebook with process.  Order, Dkt. 4.  Wilson did not comply with the Court's order.  Instead, he filed an amended complaint and attempted to effectuate service himself.

Even though Facebook has not been properly served, it promptly filed a Notice of Potential Tag-Along before the JPML because Wilson's case shares common questions of fact with MDL No. 2843 and consolidation would promote the convenient, just, and efficient conduct of the actions.  Dkt. 7; *see* J.P.M.L. Rule 7.2(b) ("Failure to serve one or more of the defendants in a potential tag-along action . . . does not preclude transfer of such action under [28 U.S.C.] Section 1407.").  The JPML conditionally transferred Wilson's case to the MDL.  Conditional Transfer Order (CTO-3), *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843

(J.P.M.L. Apr. 3, 2020), Dkt. 169.  Wilson moved to vacate the transfer, and his motion remains pending before the JPML.  In its briefing to the JPML, Facebook expressly preserved as a defense that this Court lacks personal jurisdiction over Facebook.  Memorandum in Opposition to Wilson's Motion to Vacate Conditional Transfer Order (CTO-3) at 7 n.3, *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 (J.P.M.L. May 18, 2020), Dkt. 178.  Indeed, Wilson previously filed a similar case in this Court against Facebook CEO Mark Zuckerberg, which Judge Sánchez dismissed for lack of personal jurisdiction and failure to state a claim.  Order, *Wilson v. Zuckerberg*, No. 2:18-CV-3049-JS (E.D. Pa. July 10, 2019), Dkt. 18.

On June 1, 2020, Wilson filed an affidavit contending he served the complaint in this action on Facebook that same day.  Dkts. 11, 11-1, 11-2, 11-3, 11-4, 11-5.  According to Wilson, his summons and complaint were "hand delivered by Plaintiff and signed for" by Facebook's agent.  Dkt. 11 at 1.  He also says that "copies of the foregoing were previously served on counsel by U.S. First Class Mail."  *Id.*

Two days later, on June 3, 2020, Wilson moved for entry of default.  Dkt. 12.

### III.  ARGUMENT

**A.     Facebook Has Not Been Served Under Federal Rule of Civil Procedure 4.**

Under Federal Rule of Civil Procedure 4(c)(2), process may be served by "[a]ny person who is at least 18 years old and not a party."  "There is no exception for this rule for service effectuated via mail or when the Plaintiff is *pro se*."  *Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 510 (E.D. Pa. 2018).

Wilson attempted to serve Facebook personally, which is improper because he is a party to the case.  Wilson's memorandum and affidavit show that he personally "hand delivered" the summons and complaint to Facebook's agent.  Dkt. 11 at 1.  This does not comply with Rule 4, with Pennsylvania law, or with Delaware law (where service was attempted).  "Both the federal

3

and state rules require service of original process to be accomplished by an adult who is not a party to the action." *Kornea*, 336 F. Supp. 3d at 510 & n.18 (explaining federal and Pennsylvania rules); *see* Del. R. Ch. Ct. 4(c) (authorizing service by a nonparty, the sheriff, a deputy, or a person specially appointed by the court); Del. R. Super. Ct. 4(d) (authorizing service by the sheriff, a deputy, or a person specially appointed by the court).

Wilson also contends that he personally mailed his summons and complaint to Facebook's counsel. *See* Dkt. 11 at 1 (Wilson's affirmation); 11-1 (cover letter from Wilson); 11-4 (envelope with Wilson's return name and address). This also did not constitute proper service, as Facebook has not waived service in this case. *Snyder v. Swanson*, 371 F. App'x 285, 287 (3d Cir. 2010) (per curiam) (service on counsel not effective).

To date, Facebook has not been properly served. Wilson's request for a default should be denied for this reason alone.[1]

**B.     Facebook Is Not in Default.**

Under Rule 55(a), default may be entered when a party against whom relief is sought "has failed to plead or otherwise defend." Rule 12(a)(1) provides that "the time for serving a responsive pleading is . . . within 21 days after being served with the summons and complaint." *Cf. Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (holding that default should not be entered unless party has an obligation under the Rules to "plead or otherwise defend").

Notwithstanding the defects in Wilson's attempted service, he moved for default two days after he contends service was made. Even if service had been effective—and, again, it was not—Wilson moved for default *nineteen days* before Facebook's responsive pleading would have been

---

[1] Facebook would be willing to waive service of the summons, but Wilson has not requested that it do so. *See* Fed. R. Civ. P. 4(d)(1).

due under Rule 12(a)(1).  Until Facebook breaches an obligation under the Rules, default cannot be entered against it.  *See* Fed. R. Civ. P. 55(a); *see also Norsyn*, 351 F.3d at 828.

Finally, to the extent Wilson moves under Rule 55(b)(1), which governs the clerk's entry of default judgment for a sum certain, relief is unavailable for the additional reason that Wilson's claim is not for a sum certain.  *Cf.* Dkt. 12 at 1 (citing Fed. R. Civ. P. 55(b)(1)).  Instead, Wilson's operative complaint asserts an arbitrary and unreasonable figure of $100 million, with no facts suggesting he was damaged in that amount.  Dkt. 6 ¶¶ 3, 18.  Wilson "cannot satisfy the certainty requirement simply by requesting a specific amount.  He must establish that the amount requested is reasonable under the circumstances."  *Byrd v. Keene Corp.*, 104 F.R.D. 10, 12 (E.D. Pa. 1984) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2683 at 415 (1983)).

**C.    The MDL Judge Should Preside Over Pretrial Proceedings in This Case.**

A default is also improper because the JPML has ordered a conditional transfer of this action to be consolidated with the MDL in the Northern District of California.  Conditional Transfer Order (CTO-3), *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 (J.P.M.L. Apr. 3, 2020), Dkt. 169.  Even though Wilson failed to properly serve Facebook, once Facebook became aware of this action, it promptly filed a Notice of Potential Tag-Along to the JPML.

The MDL was filed following the well-publicized Cambridge Analytica events and raises various privacy-related claims related to those events and Facebook's practices with respect to the privacy of user data.  Wilson's allegations—that Facebook disclosed his data to Cambridge Analytica—overlap squarely with the MDL.  So do Wilson's theories of liability.  *See generally* Facebook, Inc.'s Memorandum in Opposition to Wilson's Motion to Vacate Conditional Transfer Order (CTO-3), *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 (J.P.M.L. May 18, 2020), Dkt. 178.

At minimum, the Court should stay this action until the JPML issues a final order with respect to Facebook's transfer request. *See Smith v. Life Inv'rs Ins. Co. of Am.*, 2008 WL 2222325, at *1 (W.D. Pa. May 29, 2008) (staying proceedings pending JPML transfer decision).

**D.      The Court Lacks Personal Jurisdiction Over Facebook.**

Facebook expressly reserves its right to raise this Court's lack of personal jurisdiction if Wilson serves Facebook with process, and this response is not intended to and does not waive any such objection.  *See In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994) (to waive personal jurisdiction requires "litigat[ing] the underlying merits or demonstrat[ing] a willingness to engage in extensive litigation in the forum"); *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 291 (E.D. Pa. 2009) (holding that motion to stay did not "seek affirmative relief" from court so as to waive personal jurisdiction defense).

## IV.  CONCLUSION

The Court should deny Wilson's request for entry of default and stay this action pending a final ruling on Facebook's transfer request.

Dated:  June 17, 2020

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/  Thomas McCormac*

Thomas McCormac
   PA Bar No. 322415
tmccormac@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Orin Snyder
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035
*Pro hac vice forthcoming*

*Attorneys for Defendant Facebook, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on June 17, 2020 a true and correct copy of this Response to Wilson's Request for Clerk's Entry of Default was filed using ECF, is available for viewing and downloading from the ECF system, and was served on Steven W. Wilson by mail and email.

*/s/ Thomas McCormac*
Thomas McCormac