

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



: CIVIL ACTION
v. :
:
:
:

### ORDER

AND NOW, this 8th day of May, 2019, upon consideration of Defendant Mark Zuckerberg's motion to dismiss, Plaintiff Steven W. Wilson's opposition thereto, and Zuckerberg's reply, it is ORDERED:

1. Zuckerberg's motion (Document 6) is GRANTED, and the Complaint is DISMISSED without prejudice[1]; and

---

[1] On July 18, 2018, Plaintiff Steven W. Wilson filed the Complaint in the above-captioned matter, alleging his "property was taken, abused, and trespassed upon" by Defendant Mark Zuckerberg. Compl. 3. The Complaint contains no additional detail about what property was taken, abused, and trespassed upon, nor where, when, or how Zuckerberg trespassed upon this property. On January 11, 2019, the Court directed Wilson to file proof of service in a manner compliant with Federal Rule of Civil Procedure 4(e). Order, Jan. 11, 2019, ECF No. 4. In a letter dated January 26, 2019, Wilson filed a document from the United States Postal Service, indicating that on January 24, 2019, a package was delivered via priority mail to an address in Menlo Park, California and received by an individual identified only as "I.R." Letter, Jan. 26, 2019, ECF No. 10.

On March 26, 2019, Zuckerberg moved to dismiss Wilson's Complaint pursuant to Federal Rule of Civil Procedure 12(b). The motion is multifaceted, raising challenges to the Court's subject matter and personal jurisdiction, the completeness of process and the adequacy of its service, and the sufficiency of the factual allegations in the Complaint. In response, on April 4, 2019, Wilson filed a "Notice," which stated: "The Court will move under common law rules." Notice, Apr. 4, 2019, ECF No. 7. Wilson filed a second "Notice" on April 4, 2019, indicating that Wilson "will be present at court." Notice, Apr. 4, 2019, ECF No. 8. On April 8, 2019, the Court advised Wilson that it would construe Zuckerberg's motion as unopposed, unless Wilson filed an opposition memorandum that responded to Zuckerberg's motion. See Order, Apr. 8, 2019, ECF No. 8. Wilson filed a memorandum on April 26, 2019, to which Zuckerberg replied on May 3, 2019.

Jurisdiction is a threshold matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). There are two types of jurisdictional challenges under Rule 12(b)(1): a facial or factual challenge. Hartig Drug Co. v. Senju Pharma. Co. Ltd., 836 F.3d 261, 268 (3d Cir. 2016). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is