2. Wilson shall have until June 7, 2019, to file an amended complaint. Failure to file an amended complaint within the time permitted may result in dismissal of such claims with prejudice.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a pleading under Rule 12(b)(6), the Court "must accept all of the complaint's well-pleaded facts as true," and then "determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Because Wilson proceeds pro se, the Court construes his pleading liberally and "will apply the applicable law, irrespective of whether [he] has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

Here, Wilson has failed to plead facts which, if taken as true, state a plausible claim for relief. Although he pleads the legal conclusions that his "property was taken, abused, and trespassed upon" by Zuckerberg, Compl. 3, he fails to offer specific factual allegations to support these conclusions. For example, the Complaint does not describe the precise nature of the property at issue, when or how Zuckerberg allegedly took the property, or the nature of the "abuse" Zuckerberg allegedly perpetrated against the property. As a result, Wilson's Complaint does not state a claim upon which relief may be granted.

In light of the foregoing, the Court dismisses Wilson's Complaint without prejudice.

3