IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN W. WILSON, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 20-189 |
| FACEBOOK, INC. et. al, | |
| Defendant. | |

### PRO SE REPLY TO FACEBOOK, INC. PROPOSED ORDER

Steven W. Wilson respectfully submits this response to Facebook, Inc. et. al Proposed Order, Dkt. 15.

## I.  INTRODUCTION

The Court should deny Facebook, Inc.'s proposed order and continue with proceedings. While there is action pending a U.S. Judicial Panel on Multidistrict Litigation's final consolidation decision, (*Civil Action No. 20-189 Wilson v. Facebook, Inc. into MDL 2843 Re: Facebook, Inc. Consumer Privacy User Profile Litigation.*) the JPML stated that Wilson was to contact the JPML if there were any developments in Wilson v. Facebook, Inc. There were no specific instructions or statutes prohibiting any of Wilson's actions prior to a JPML decision on a "Conditional Transfer Order" (CTO-3) *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 (J.P.M.L. Apr. 3, 2020), Dkt. 169.

2

*First,* Facebook, Inc. was perfectly served on June 19, 2020 with Complaint, Summons, and Federal Rules of Civil Procedure by Brian Kitchell.[1] This service was ordered by the Court, because Wilson's initial attempt at process of service was sent to Facebook, Inc. headquarters in Menlo Park, CA and not the registered agent (Corporation Service Company.) located in Wilmington, DE.

*Second,* Wilson reminds the Court that not only has Facebook, Inc. possessed the Compliant and Summons since March 25, 2020, but counsel for Facebook, Inc. offered to waive service in March 2020[2]. This confirms that Facebook, Inc. received the Summons. Furthermore, Facebook, Inc. has been in default since 2018, when the first Bill was sent in *Wilson vs. Zuckerberg Civil Action No. 18-3049* No. 2:18-CV-3049-JS (E.D. Pa. July 10, 2019), *Dkt. 18.*[3]

*Third,* Facebook, Inc. is subject to personal jurisdiction pursuant to Pennsylvania Long-Arm Statute PA ST 42 Pa.C.S. § 5322(a)(4)(5)(b)(c)(d) (2002). Facebook, Inc. engages in e-commerce, contracts to supply services, and has caused tortious injury within the Commonwealth of Pennsylvania.

## II. BACKGROUND

Wilson's complaint alleges that Facebook, Inc. is in violation of Uniform Commercial Code Article 9 §207(a) states: "[Duty of care when secured party in possession.].... reasonable care includes taking necessary steps to preserve rights against prior parties unless otherwise agreed." as well as §207(b): "the risk of accidental loss or damage is on the debtor to the extent

---

[1] Affidavit of Service Dkt. 19

[2] Email from Facebook, Inc. counsel

[3] Wilson vs. Zuckerberg Civil Action No. 18-3049

of a deficiency in any effective insurance coverage". Complaint furthermore states Tresspass and Negligence as causes of action. Facebook, Inc. was sent a Bill for "Abuse of Data" and "Use of Private Property" on three separate occasions. To this day, Facebook, Inc. has not mentioned nor contested the Bill[4]. As of June 19, 2020 Facebook, Inc. has been properly served as ordered by the Court and service was effectuated by Brian Kitchell as stated in a filed affidavit signed by Wilson. On April 3, 2020 Facebook, Inc. filed a Conditional Transfer Order (CTO-3)[5] in the U.S. Judicial Panel on Multidistrict Litigation. Wilson filed Opposition to CTO-3 as well as Motion to Vacate CTO-3, which is pending a final decision from the JPML.

### III. ARGUEMENT

**A.     Facebook, Inc. has been in Default since 2018**

Under Rule 55(a), default may be entered when a party against whom relief is sought "has failed to plead or otherwise defend." Facebook, Inc. et al have consistently, in bad faith, failed to *"plead or otherwise defend"* the Bill that was sent on three separate occasions including a final demand letter. In *Wilson vs. Zuckerberg Civil Action No. 18-3049 No. 2:18-CV-3049-JS (E.D. Pa. July 10, 2019), Dkt. 18,* Judge Juan Sanchez dismissed the case for lack of personal jurisdiction (over Mark Zuckerberg) and failure to state a claim. Judge Sanchez's order mentions no discrepancies of the Bill sent to Facebook, Inc. Rule 12(a)(1) provides that "the time for serving a responsive pleading is . . . within 21 days after being served with **the summons and complaint.**" *Cf. Norsyn, Inc. v. Desai, 351 F.3d 825, 828 (8th Cir. 2003)* (holding that default

---

[4] Exhibit A (The Bill)

[5] In re Facebook, Inc., Consumer Privacy User Profile Litig., MDL No. 2843 (J.P.M.L. Apr. 3, 2020), Dkt. 169.

4

should not be entered unless party has an obligation under the Rules to "plead or otherwise defend"). As stated by Facebook, Inc. counsel in "*Facebook, Inc.' Response to Wilson's Request for Clerk's Entry of Default" Dkt. 15*, filed on June 17, 2020, Facebook claims "yet to receive service of process with the Federal Rules of Civil Procedure." No mention of the complaint and summons received on numerous occasions in the past year. Rule 12(a)(1) states the defendant must serve an answer 21 days after receiving the Complaint and Summons. There is no literature requiring the Federal Rules of Civil Procedure to be included. Furthermore, if Facebook, Inc. was not aware of the summons and the Bill, what caused the Conditional Transfer Order (CTO-3) to be filed with the JPML? Facebook, Inc. has been in possession of the complaint, summons, and the Bill since March 2020, when Facebook, Inc. counsel offered to waive service.[6] *See Facebook, Inc.' Response to Wilson's Request for Clerk's Entry of Default" Dkt. 15:* "Even though Wilson failed to properly serve Facebook, once Facebook became aware of this action, it promptly filed a Notice of Potential Tag-Along to the JPML." Facebook, Inc. confirms awareness and possession of complaint, summons, and Bill as early as April 3, 2020. Facebook, Inc. receives summons, files CTO-3, and then claims "Wilson moved to default nineteen days before Facebook's responsive pleading would have been due." Facebook, Inc. has not responded to the Bill for over a year. Furthermore, Wilson considers the filing of CTO-3 to be Facebook, Inc.'s responsive pleading.

---

[6] Facebook, Inc. counsel email

B.     Facebook, Inc. is subject to Personal Jurisdiction

Pursuant to Pennsylvania Long-Arm statute PA ST 42 Pa. C.S. §5322[7] Facebook, Inc. et. al is subject to personal jurisdiction. "§5322 General Rule. – A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person: §5322(a)(4), states: "The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth." Facebook, Inc.'s engagement in e-commerce within the Commonwealth of Pennsylvania fits the criteria of this statute. *Zippo Mfg. Co. v. Zippo Dot com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997)* (holding defendant's conducting of electronic commerce with Pennsylvania residents constituted purposeful availment of doing business in Pennsylvania. Defendant had contracted with numerous individuals and Internet access providers in Pennsylvania and intended object of transactions had been downloading of electronic messages in Pennsylvania that formed basis of suit. A defendant's placement of goods into commerce "with the expectation that they will be purchased by consumers within the forum State" may indicate purposeful availment. *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286.* §5322(5)(b) states "Contracting to supply services or things in this Commonwealth." The Facebook, Inc. user agreement that Wilson agreed to for services and products provided by

---

[7] PA ST 42 Pa. C.S. §5322(a)(4)(5)(b)(c)(d)

Facebook, Inc. fits this statues' criteria. §5322(5)(c): "Causing harm or tortious injury by an act or omission in this Commonwealth." Wilson sent Facebook, Inc. the Bill for **"Use"** and **"Abuse"** of private property which occurred as confessed by Facebook, Inc. CEO Mark Zuckerberg. §5322(5)(d): "Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." Facebook, Inc. CEO Mark Zuckerberg confessed to **abuse** caused by shady Facebook, Inc. business practices over Facebook, Inc. servers located outside the Commonwealth of Pennsylvania. This is where trespass and abuse of Wilson's property occurred.

**C.     Service of Process**

As of June 19, 2020, Facebook, Inc. et al has been properly served the Complaint, Summons, and Federal Rules of Civil Procedure. Signed affidavit was filed on June 22, 2020 and delivery signatures of Brian Kitchell and Corporation Service Company employee were also filed.

**IV.  CONCLUSION**

The Court should deny Facebook, Inc.'s proposed order against Wilson's request for entry of default. Under these extreme circumstances, Facebook, Inc. on numerous occasions has failed to provide any response or pleadings in relation to the Bill received. Facebook, Inc. is attempting to litigate the liability of trespass and negligence as stated in the "common questions of fact" claim causing the "potential tag along action" and filing of CTO-3. Wilson is not litigating liability. Wilson is asking the Court to order Facebook, Inc. to pay **debt** owed.

7

Respectfully submitted,

Dated:   June 26, 2020

By: *Steven W. Wilson*

Steven W. Wilson
366 E. Gorgas Lane
Philadelphia, PA,  19119
Tel: 215-285-6139
steven.wilsonatc@gmail.com

*Plaintiff*

8

## **CERTIFICATE OF SERVICE**

I certify that on June 26, a true and correct copy of this Reply to Facebook, Inc.'s Response to Wilson's Request for Clerk's Entry of Default was filed using PAED_DOCUMENTS@paed.uscourts.gov, and was served on counsel by mail and email.

By: *Steven W. Wilson*

Steven W. Wilson