IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN W. WILSON, *Plaintiff,* v. FACEBOOK, INC. ET AL. *Defendant.* | CIVIL ACTION NO. 20-189 |

### ORDER

**AND NOW**, this 29th day of June 2020, upon consideration of Plaintiff Steven Wilson's Request for Entry of Default (ECF No. 12), Defendant Facebook's Response (ECF No. 15), and Wilson's Reply (ECF No. 21), it is hereby **ORDERED** that Wilson's Request for Entry of Default is **DENIED** without prejudice.  The Clerk of Court is **ORDERED** to abstain from entering a default against Facebook pursuant to Wilson's Request.  (ECF No. 12.)  It is further **ORDERED** that the Clerk of Court shall place this case on the Civil Suspense Docket pending a decision by the Judicial Panel on Multidistrict Litigation on whether to transfer the case to MDL 2843 for coordinated and consolidated pretrial proceedings under 28 U.S.C. § 1407.

I

On June 3, 2020, Wilson, proceeding *pro se*, requested that the Clerk of Court enter default against Defendant Facebook pursuant to Federal Rule of Civil Procedure 55.  (Pl.'s Request, ECF No. 12.)  According to Wilson, he properly served Facebook on June 1, 2020 by delivering the summons and complaint to Corporation Service

1

Company's headquarters "in person by Plaintiff." *See* (Pl.'s Request 1; Memorandum of Service, ECF No. 11; Proof of Service, ECF No. 13).

Where a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of Court. Fed. R. Civ. P. 55(a). Obtaining an entry of default is a general prerequisite for entering a subsequent default judgment under Rule 55(b). A plaintiff is not entitled to an entry of default judgment against a defendant who has not been properly served. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995). This is because a court lacks personal jurisdiction over a defendant if the complaint and summons have not been properly served upon it. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991); *see* Fed. R. Civ. P. 4 (explaining rules related to service of process).

In a previous Order, the Court directed Wilson to properly serve Facebook pursuant to Federal Rule of Civil Procedure 4, which "sets forth the procedure by which a court obtains personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F. 3d 565, 569 (3d Cir. 1996). *See* (Order, ECF No. 4). Rule 4, in part, states that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).[1] "There is no exception for this rule for service effectuated via mail or when the Plaintiff is *pro se*." *Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 510 (E.D. Pa. 2018).

---

[1] Neither Pennsylvania law nor Delaware law, where service was attempted, permit a party to serve process on a defendant. *See* Pa. R. Civ. P. 400(a)–(b) (authorizing service of original process by the sheriff and in some cases, by a "competent adult"); Pa. R. Civ. P. 76 (defining "competent adult" to mean "an individual eighteen years of age or older who is neither a party to the action nor an employee or relative of a party"); Del. R. Ch. Ct. 4(c) (authorizing service by a nonparty, the sheriff, a deputy, or a person specially appointed by the court); Del. R. Super. Ct. 4(d) (authorizing service by the sheriff, a deputy, or a person specially appointed by the court).

Wilson—apparently acknowledging that his attempted in-person service was defective—now asserts in his Reply that "Facebook, Inc. was perfectly served on June 19, 2020 with Complaint, Summons, and Federal Rules of Civil Procedure by [nonparty] Brian Kitchell."[2] (Reply 2, ECF No. 21.) Assuming, without deciding, that Facebook was properly served on June 19, Wilson's Request for Entry of Default is nonetheless premature. A defendant has twenty-one days after being served with the summons and complaint to file a responsive pleading or to otherwise respond, and that period has not yet elapsed. *See* Fed. R Civ. P. 12(a)(1). The Court accordingly denies Wilson's Request and directs the Clerk to not enter a default against Facebook.

II

Facebook, in its Response, asks the Court to stay the case until the Judicial Panel on Multidistrict Litigation (JPML) issues a final order on whether to transfer the case to MDL 2843 for coordinated and consolidated pretrial proceedings. *See* (Def.'s Resp. 5–6, ECF No. 15); Conditional Transfer Order (CTO-3), *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 (J.P.M.L. Apr. 3, 2020), ECF No. 169. The JPML is scheduled to take up the conditional transfer order and Wilson's opposition to it at a July 30, 2020 hearing. *See* Hearing Order, *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 (J.P.M.L. June 26, 2020), ECF No. 181. Wilson opposes Facebook's request to stay the case. *See* (Reply 1, ECF No. 21).

---

[2]    Wilson's argument that service of process was proper due to Facebook and Facebook's counsel's awareness of the complaint lacks merit. "Notice to the defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of [Rule 4] governing service." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). To the extent Wilson also contends that Facebook waived service of process when Facebook's counsel offered to waive service in March of 2020, Wilson nonetheless fails to provide any evidence that he complied with the procedural requirements of Rule 4(d)(1) to effectuate such a waiver. *See* (Pl.'s Reply 2, ECF No. 21).

The decision whether to stay proceedings pending an MDL transfer is within the Court's "broad powers to stay proceedings." *Davis v. DePuy Orthopaedics, Inc.*, 2011 WL 5237563, at *1 (D.N.J. Nov. 2, 2011) (quoting *Bechtel Corp. v. Local 215 Laborer's Int'l Union of N.A.*, 544 F.2d 1207, 1215 (3d Cir. 1976)). In deciding whether to stay a case, the Court must weigh: (1) the length of the stay; (2) the balance of harm to the parties; and (3) whether a stay will simplify issues and promote judicial economy. *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 1615307, at *7 (E.D. Pa. July 16, 2004) (*citing Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983)).

Here, the length of the stay is relatively short. The JPML is scheduled next month to consider the conditional transfer order and Wilson's opposition to it, and the panel will likely make a final determination soon thereafter. Given this limited duration of the stay, the amount of harm that either party will suffer is minimal. Finally, the third factor weighs heavily in favor of a stay. Should the JPML decide to transfer this case to MDL 2843, the District Court for the Northern District of California will be better equipped to ensure efficient and consistent adjudication of the parties' pretrial proceedings, including Facebook's personal jurisdiction challenge.[3] *See* 28 U.S.C. § 1407(a) (explaining transfers shall be made upon the determination that they will "promote the just and efficient conduct of such actions"). The Court accordingly stays the case pending a final transfer decision by the JPML.

---

[3]  Facebook argues that it "reserves its right to raise this Court's lack of personal jurisdiction" and "does not waive any such objection" by filing its Response to Wilson's Request for Entry of Default. (Def.'s Resp. 6, ECF No. 15.)

4

5

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.