UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                              MDL No. 2843


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Wilson*), proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order that conditionally transferred his action to MDL No. 2843. Defendant Facebook, Inc. (Facebook), opposes the motion to vacate.

After considering the parties' arguments, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2843, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2843 arise out of allegations that Cambridge Analytica and other defendants exploited Facebook's platform to obtain user data, and that Facebook should have imposed more robust controls on the use of data by third party applications to prevent this conduct. *See In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 325 F. Supp. 3d 1362 (J.P.M.L. 2018). Plaintiff alleges that, in March 2018, Facebook disclosed a "data breach that occurred when data company 'Cambridge Analytica' harvested private user data without consent." *Wilson* Compl., ¶ 2. He alleges that he mailed Facebook a "bill" for $100 million on three separate occasions to collect for the alleged abuse of his private data, and that, in failing to respond, Facebook accepted that it owes him a debt.

In support of his motion to vacate, plaintiff argues that his action is unlike those in MDL No. 2843 because (1) he is merely collecting a "debt," (2) he is not seeking to represent a class, and (3) his bill mentions "abuse." We do not find these arguments persuasive. The debt plaintiff claims he is owed is based on the alleged harvesting of his Facebook user data by Cambridge Analytica. Plaintiff's allegations therefore fall squarely within the ambit of the MDL. Plaintiff's argument that it would be more efficient for the transferor court to enter default in what he characterizes as a debt collection action wrongly assumes that liability is undisputed. Moreover, the MDL No. 2843 plaintiffs do, in fact, allege that their Facebook user data was misused. *See, e.g.,* First Am. Consol. Compl., *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 3:18-md-2843-VC, ECF No. 257 ¶ 21, 23 (N.D. Cal. Feb. 22, 2019) (plaintiffs allege their "content and information may have been 'shared' with and 'misused'"). Furthermore, Section 1407 "does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003). And "the presence of additional facts or differing legal theories is not significant where, as here, the actions still arise from a common

---

[*] Judge Ellen Segal Huvelle took no part in the disposition of this matter.

-2-

factual core." *In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). That *Wilson* does not allege class claims does not preclude transfer. *See In re U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*, 138 F. Supp. 3d 1379, 1380 (J.P.M.L. 2015) ("The Panel routinely includes individual and class actions in a single MDL.").

Plaintiff also argues that transfer will cause him inconvenience. As we have held, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See In re IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor          Catherine D. Perry
Nathaniel M. Gorton       Matthew F. Kennelly
David C. Norton

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California
by: _____
Deputy Clerk
Date: 08/07/2020

**IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION**          MDL No. 2843

**SCHEDULE A**

<u>Eastern District of Pennsylvania</u>

WILSON v. FACEBOOK, INC., ET AL., C.A. No. 2:20-00189